Ruffin, C. J.
 

 It must be understood, that the lessor of the plaintiff made no entry, in July 1S45, on the land claimed by the defendant; but stopped at the corner, lrom which the first disputed line ran ; and, therefore, that the single question is, whether an attempt to procession land is within the last proviso, in the first section of the act of limitations: which is, that, after failing in one action of ejectment, the party may bring another within one year, though the latter be brought after seven years ad verse possession. The Court is of opinion, that it is not. Before that proviso was inserted in 1836, the owner of land, in order to avoid (he bar of such possession, was obliged to assert his claim by making an actual entry before the expiration of seven years. But under the proviso it may be done by an ejectment “ lor the recovery of the lands because in that mode the possession will betaken from the wrong doer, and given to the owner. That is, instead of entering on his own authority merely, upon
 
 *153
 
 a claim, of right, the law substitutes his effort to obtain peaceable possession by process of law, after an adjudication.of title, and makes that keep alive the right of entry for a year after the determination of the action, in which the possession wasjdemandeJ. The nature of processioning, however, seems to. be entirely different. Its purpose is solely to establish, as the true boundaries of the land of the party asking it, the particular lines reported by the processioner or freeholders. But there is no judgment given of recovery by the Court, much less an execution affecting the possession. On the contrary, the possession is not demanded, and the proceeding does not suppose one, adverse to the processioning party, but, rather’ that he is in possession of what he claims, so far as any can be distinctly collected. For. in the fourth section of the Act, Rev. Stat. ch. 9!, which prescribes the effect of processioning, as it is ealled, the provision is, that every person whose lands shall be processioned two several times, shall be deemed the true owner, and that, upon any suit for such lands, the party in possession may plead the general issue, and give the Act in evidence. It seems to have been the purpose merely, that persons, possessing or claiming contiguous tracts of land, instead of resorting to an ordinary action at law, to try the question of boundary, might have this less expensive, and sometimes, perhaps, as satisfactory, summary mode for settling the boundaries; and, when thus settled, to make the proceeding evidence of title up to those lines, as the true boundaries. But it was not intended, that the possession should be drawn in question, nor, in other respects, to substitute this proceeding for an ejectment, by submitting to five freeholders in the premises the general question of title, arising upon inquiries as to the due execution of a will, the construction of • the devises in it, an allegation of fraud in a conveyance, or the length' and nature of a party’s possession in reference
 
 *154
 
 to the Statute of Limitations. At all events, the proceeding is not to effect the possession of either party, but that -is left as the subject of another suit, unless voluntarily' abandoned upon the settling the boundary. Therefore, the defendant’s possession was not disturbed, nor even demanded, until it was done in this action; which was a few days too late. . •
 

 Per Curiam, Judgment affirmed.